# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dr. Charles Arthur Thomas Jordan, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) **ORDER OF DISMISSAL** <br> ) <br> vs. ) <br> ) <br> Bankrupt corporation known as North ) <br> Dakota and its subsidiaries and employees ) <br> and all other corporations conspiring ) <br> against the right of the PEOPLE, ) Case No. 1:17-cv-169 <br> ) <br> Defendants. ) | |

Plaintiff, Charles Jordan, initiated the above-entitled action on August 17, 2017, with the submission of an application to proceed *in forma pauperis*, which the undersigned granted, and a Complaint. On September 14, 2017, Jordan filed notice of his consent to the undersigned's exercise of jurisdiction. (Doc. No. 6). What follows is the undersigned's pre-service review of Jordan's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.    PLAINTIFF'S COMPLAINT

This action appears to arise, at least in part, of out of State criminal proceedings initiated against Jordan in the wake of his and others' protests against the Dakota Access pipeline or DAPL. Jordan's Complaint utilizes a form or template provided by the Clerk's office. In the case caption, Jordan names the State of North Dakota as the defendant. Later, in the body of his Complaint, he lists the following individuals and entities as defendants: the Burleigh County and Morton County sheriffs; the State's Attorneys for Morton and Burleigh Counties; Michael Mehrer; Jason Stugelmeyer; Brian Johnson; Joshua Brown; the Bismarck police ; Mark Otterness, Preston McKay;

1

unnamed "Bismarck deputies;" Dr. Robert D. Lisota; the Fraternal Order of Police; the Sheriff's Association; the State of North Dakota; Tiger Swan and other unknown private security companies; the Catholic Church; the National Football League ("NFL"); the National Collegiate Athletic Association ("NCAA"); the North Dakota National Guard; the North Dakota State Hospital; the Marion County (Illinois) Jail; the Sheriff of Bastrop County, Texas; the University of Texas at Austin; and Walmart. (Id.).

Under the heading "jurisdiction," Jordan cites:

18 U.S.C. 2381 Treason
18 U.S.C. 1091 Genocide
18 U.S.C. 1918 Violation of Oath of Office, Disloyalty
18 U.S.C. 241 Conspiracy Against Rights
18 U.S.C. 245 Intimidation/Injury to Deprive Protected Rights
18 U.S.C. 249 Hate Crimes
18 U.S.C. 1031 Major Fraud Against the United States
31 U.S.C. 3729 False Claims
Trueman's Executive Order § 9835
Executive Order 13007 1996 Indian Sacred Sites [Clinton]

(Doc. No. 1) (errors in original). Then, under the heading "claims" and in response to the directive on the template to state the facts of his claims, he avers:

My 11/17/16 Arrest for giving POLICE flowers for peace.
My jail time Burleigh County

Marion County Jail torchered me and forceably shaved my GOTHIC dreads off of my head!

(Doc. 4) (errors in original). Finally, in an attachment to the Complaint, he initially asserts:

Root of the Poison Tree and Demand for Dismissal of fraudulent criminal charges
My person and property were illegal seized by so called peace officers. While acting under my oath of office to defend the PEOPLE. I gave the poLICE a flower that was on public property and under oath on the stand the officer spoke he believed it was so and so business I say then why didn't I get a protective order to that business. The state has produced no documents of a victim and therefore I commited no crime and no probable cause to stop me. The poLICE never asked for my ID and

2

> therefore committed perjury twice. Therefore this court has no jurisdiction over my person or my property. The 'state' can not prove malicious intent because as a Confederate Doctor in apprenticeship to Dr. Crowford Long, whose handwritten journal i read in his museum as a child, while defendant the treaties of the Sovereign Oceti Sakowin Great Sioux Nation, me spitting in the eye of the poLICE, who was unconstitutionally arresting me in an effort to suppress my 1st amendment rights, I was trying to give him Hep ZC immunization in got in the Army. I also demand all Standing Rock cases be dismissed as a bankrupt corporation of North Dakota has no jurisdiction over then until eggink v. Trump case #1:17-cv-00608 is resolved in DC federal court.
>
> While at Standing Rock I informed the Swedish embassy, in the name of Dark Tranquility, of the poison being dropped on my person and THE PEOPLE in violation of The Geneva Convention that gave me lung cancer. While in Burleigh County I informed my UN ambassador of the sexual assault on my person and the NFL's cheating the Falcons out of the Super Bowl . . . .

(Doc. No. 4-1) (errors in original). He then goes on to describe what he perceives as conspiracies involving and/or atrocities committed by the North Dakota National Guard, local law enforcement, the state hospital, the NCAA, the University of Texas, and/or the Catholic Church. Intermixed are sparse and conclusory allegations of mistreatment by local law enforcement officers at the time of his arrest. In his prayer for relief, Jordan requests, amongst other things, $1 million in damages, admission to medical school at the University of Florida, ownership of a National Hockey League franchise, the dishonorable discharge of a Commander of the North Dakota National Guard, the recall of the Morton and Burleigh County sheriffs, and bestowal of the Nobel Peace Price to an individual currently under federal indictment.

## II. APPLICABLE LAW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or

malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i) ], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In applying § 1915(e)(2), the court must give the *pro se* Complaint the benefit of a liberal construction. See, e.g., Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean, however, that the pro se litigant is excused from satisfying the plausibility standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 580 (2007) ("Twombly") and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). See, e.g., Story v. Foote, 782 F.3d 968, 969 (8th Cir. 2015); Hughes v. Banks, 20 Fed. Appx. 960, 2008 WL 4065874 at *1 (8th Cir. 2008) (unpublished opinion) (even a pro se complaint must allege sufficient facts to support claims advanced).

4

## III. DISCUSSION

There are a numerous problems with Jordan's Complaint. At the outset, the court notes that the State of North Dakota is not subject to suit in this case for the reasons that is immune from suit in this instance under the Eleventh Amendment and also because the State is not a "person" who may be sued within the meaning of 42 U.S.C. § 1983. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 & 70 (1989) (a state and its agencies are not "persons" within the meaning of section 1983); Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars any suit against a state or state agency pursuant to § 1983). The court also notes that all of the relief that Jordan seeks is beyond the power of the court to grant, except for the possibility of damages, which is only available if Jordan has properly pled a claim for relief for which damages may be awarded (which he has not for reasons set forth next) and if he were to then prevail on that claim.

Putting these things aside, the allegations within the Complaint are for the most part, if not entirely, fantastic and baseless. This is particularly true for the allegations against Dr. Robert D. Lisota, the Fraternal Order of Police, the Sheriff's Association, the State of North Dakota, Tiger Swan and other unknown private security companies, the Catholic Church, NFL the NCAA, the North Dakota National Guard, the North Dakota State Hospital, the Marion County (Illinois) Jail, the Sheriff of Bastrop County, Texas, the University of Texas at Austin, and Walmart - all of which are clearly baseless and fail to state a claim. As to the remainder, even if a nugget within what is alleged has the potential to state a claim, the Complaint fails to plead sufficient facts as to *each* individual that Jordan intends to sue that states a plausible claim as to each such person.

**IV.     CONCLUSION**

The court **DISMISSES WITHOUT PREJUDICE** Jordan's Complaint pursuant to 28 U.S.C. § 1915(e)(2) on the grounds that: (1) most, if not all of the Complaint, is frivolous and baseless; (2) the Complaint fails to plead enough to state a claim against any particular defendant; and (3) the State of North Dakota is immune from suit.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court